## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINE VENTURA, | |
| Plaintiff, | 1:14-cv-08701 |
| v. | |
| SBS FINANCIAL SYSTEMS, INC. and YASHER & MORGAN, P.C., | Honorable Virginia M. Kendall |
| Defendants. | |

### PLAINTIFF'S POSITION PAPER ON JURISDICTION

NOW COMES the Plaintiff, CHRISTINE VENTURA ("Plaintiff"), by the undersigned attorneys, pursuant to this Honorable Court's March 16, 2015 Order (Doc. No. 11), presenting this position paper as follows:

On November 29, 2014, Plaintiff filed her Chapter 7 bankruptcy, case number 14-42971. *See* Exhibit A, a true and correct copy of the docket report for Plaintiff's bankruptcy case. On January 8, 2015, Plaintiff amended her Schedules B and C to disclose and exempt her interest in this lawsuit. *See* Exhibit A, *see also* Exhibit B, a true and correct copy of Plaintiff's amended schedules. Also on January 8, 2015, the Meeting of Creditors was held; Plaintiff discussed her interest in this case with the trustee. *See* Exhibit A, *see also* Exhibit C, a true and correct copy of the Notice of Chapter 7 Bankruptcy Case. On January 9, 2015, the trustee issued a no asset report. *See* Exhibit A, *see also* Exhibit D, a true and correct copy of the no asset report. Plaintiff received her discharge on March 10, 2015. *See* Exhibit A, *see also* Exhibit E, a true and correct copy of the discharge order.

1

Plaintiff's bankruptcy is not yet closed because the redemption of Plaintiff's auto loan was still at issue. That matter was resolved on March 13, 2015. *See* Exhibit A. For all intents and purposes, Plaintiff's interest in this lawsuit was abandoned by the trustee. Plaintiff claimed an exemption with regard to her interest in this case; there was no objection to the exemption within the 30-day period following the meeting of the creditors. *See* Exhibit A; *see also* Exhibit C (setting forth the deadline to object to exemptions). The trustee's no-asset report indicates that the trustee abandoned $148,702.29 in assets and that $21,650.00 in assets were exempted. The Meeting of Creditors was held, and notice was given to both Defendants in this matter. *See* Exhibit C. Under 11 U.S.C. §522(l), if a party in interest does not timely object to a claimed exemption, the property is exempt. Once the objection deadline passed on February 9, 2015, Plaintiff's interest in this case "left the bankruptcy estate and vested in" Plaintiff. *In re Peiman*, 255 B.R. 178, 180 (E.D. Tx. June 13, 2000). As such, it is the Plaintiff's position that this Honorable Court has jurisdiction over this matter at this time; entry of a default judgment is proper.

Dated: March 18, 2015

Respectfully Submitted,

/s/ Matthew H. Hector,
Matthew H. Hector ARDC#6283058
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

## **CERTIFICATE OF SERVICE**

     I, Matthew H. Hector, hereby certify that I caused the foregoing **Plaintiff's Position Paper on Jurisdiction** to be served upon the parties on the attached service list by First Class Mail on March 18, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Boulevard, Suite 150, Oak Brook, IL 60523.

/s/ Matthew H. Hector
-------------------------------------
MATTHEW H. HECTOR, No. 6283058
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff

**SERVICE LIST**

SBS Financial Services, Inc.
1818 West Belmont Avenue
Chicago, IL 60657

Yashar & Morgan, P.C.
829 North Milwaukee Avenue
Chicago, IL 60622

Michael V. Ohlman, P.C.
55 West Monroe, Ste. 2370
Chicago, IL 60603