IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christine Ventura | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 14-cv-08701 |
| | ) | |
| Yashar & Morgan, P.C. and | ) | Judge Virginia Kendall |
| SBS Financial Services, Inc. | ) | |
| Defendants. | ) | |

RESPONSE TO PLAINTIFF'S MOTION FOR FEES AND COSTS

NOW COME the Defendants, Yashar & Morgan, P.C. and SBS Financial Services, Inc., by and through their counsel, and in response to the Plaintiff's Motion for Fees states as follows:

**A. The Plaintiff has not provided any evidence to support a finding that she is entitled to any award of attorney's fees and/or costs.**

The Defendant in this matter does not dispute that a prevailing Plaintiff in a Federal Debt Collection Practice Act ("FDCPA") matter is entitled to attorney's fees and costs, generally. *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). However, the Plaintiff in this matter is not entitled to fees because she failed to provide the necessary documents and evidentiary proof to substantiate the substantial fees sought. In effect, she has forfeited the issue. In this matter the Plaintiff did not provide any billing records in requesting the substantial amount of $10,562.50 in fees. Because the Plaintiff failed to provide any documentation to justify the fees (and costs) her motion should be denied in its entirety with prejudice.

In cases in which a party seeks fees, "the party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is imperative because the district court must "provide a clear

1

and concise explanation for its award." *Schlacher*, 574 F.3d at 857.  In cases where the fees are more than a few hundred or thousand dollars, a district court must "calculate the award with greater precision."  *Id.*

The Defendant agrees with the Plaintiff that the proper manner to calculate an award of attorney's fees in an FDCPA case is the "lodestar" approach.  *Hensley* 461 U.S. at 424.  To determine the lodestar the court multiplies the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."  *Id.* at 433.  The court may then exclude any hours that it determines are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

The court must also determine if the rate charged by the Plaintiff's attorney is reasonable.  *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003).  A reasonably rate is one that is "derived from the market rate for services rendered."  *Id.*  Factors in considering the reasonableness of the attorney's hourly rate are the "time and labor required, the novelty of the questions, the skill requisite to perform the legal services properly, the preclusion of employment by the attorney due to acceptance of the case, the customary fee. . . the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the 'undesirability' of the case, the nature and length of the case, and awards in similar cases."  *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995).  The movant bears the burden of producing satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

> 1) *The Plaintiff did not provide any itemization of the work done to justify a* <u>*substantial award of $10,562.50.*</u>

The lodestar calculation is based on the "number of hours reasonably expended" on the litigation by the attorneys for the prevailing plaintiff.  *Hensley* 461 U.S. at 433-37. The

court must then review the billing time entries and make a determination after objections are heard. It is therefore axiomatic that the movant must provide an itemization of the hours reasonably expended. ("Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submissions." *Hensley* 461 U.S. 424, 444.) Here, the Plaintiff did not include an itemization of the hours spent on this litigation but instead just states "Plaintiff is seeking fees for 23.75 hours of work rendered up to the date the instant fee petition." *See Docket No. 33 at page 5.* Since the Court may only enter an award after reviewing the petition and finding the hours are reasonable, the Court must deny any fees or costs claimed by the Plaintiff in this matter with prejudice. *See,* 15 U.S.C § 1692k(a)(3); *Schlacher*, 574 F.3d 852.

> 2) *Even though the Plaintiff did not provide an itemized billing the* *generalized hours claimed by the Plaintiff are excessive and seek fees for* *issues and motions that were not necessary or successful.*

Even if the Plaintiff's motion was to be reviewed, the description of the work contained in the Plaintiff's motion does not justified 23.75 hours of work. Many of the hours must be "excessive, redundant, or otherwise unnecessary" based on the description of the work completed on this case, as the Plaintiff alleges them in the motion. For example, the Plaintiff is seeking fees for filing a complaint on or about January 20, 2015. *Docket No. 33 at page 3.* The Plaintiff does not point out that shortly thereafter the Defendant notified the Plaintiff that the Complaint was improperly pled and that it must be amended to conform to the statute. *See Exhibit A.* The Defendant gave the Plaintiff time to amend or withdraw the Complaint, which she did not do. Because the Defendant refused to withdraw and amend the Complaint the Defendant filed their Motion to Dismiss. On April 10, 2015 2015 the Court dismissed all claims for failure to state a cause of action. *See Docket No. 19.*

3

The Plaintiff cannot recover fees for preparing a deficient complaint and for the hours spent unsuccessfully defending against a Motion to Dismiss. ("[W]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved'." *Hensley*, 461 U.S. at 429 – 440 (citations omitted)).

The Plaintiff's motion also seeks fees for "filing a statement at the Honorable Court's request, analyzing the Court's jurisdiction over the case." *Docket No. 33 at page 5*. This research, drafting, and filing was presumably ordered by the Court due to deficiencies in the Complaint or the Plaintiff's prior bankruptcy.[1]  Either way, these fees were not necessary for the prosecution of the action and are not taxable to the Defendants. *Id.*

The Plaintiff's attorneys also admit that they have "represented over 300 consumers in federal court". *See Docket No. 33.* Without knowing how many hours it took to complete the Amended Complaint (the Plaintiff should not be awarded fees for the Complaint knowing it was dismissed due to an error created by the Plaintiff's attorneys) it is impossible to award any fees.  Further, in cases such as these a court should consider whether counsel uses form pleadings to determine whether the time charged is reasonable. *Avila v. Van Ru Credit Corp.*, 1995 WL 683775 (N.D. Ill. 1995).

Lastly, and in no way prejudicing any rights to further objections, the negotiations in this matter took very little time and this matter was only open for a few weeks before the Defendants sent an Offer of Judgment. *See Exhibit B and Docket No. 33 pages 3 – 4 for timeline of events*.  Once the Plaintiff filed an Amended Complaint that properly pled the FDCPA violations, the Defendants sent an Offer of Judgment within one-week.  The Defendants sent the Offer because there was not a defense to the action and the Defendants

---

[1] It should be noted that the firm representing the Plaintiff in this action also represented her in the bankruptcy case that the jurisdictional issue arose under. *See N.D. Ill. Bankr. Case No. 14-42971.*

wanted to limit the attorney's fees award.[2] Once received, the Plaintiff's counsel notified the Defendants that she "accept[ed] the offer of judgment" but that a "formal written acceptance" would follow. *Exhibit C.* The written acceptance never materialized and Plaintiff's counsel did not contact counsel for the Defendants as promised. *Exhibit D.* Fourteen days elapsed and the Offer of Judgment was presumed to have been rejected. *See* Fed. R. Civ. P. 68. It is now apparent that the sole issue in this case was (and continues to be) the Plaintiff's attorney's fees and costs. *See Exhibit E in which the Plaintiff sought $10,000 as early as March 2015.*

All of these issues aside, the Plaintiff failed to meet her burden. She did not provide any evidence that justifies the amount of hours, that the hours were necessary, or that the hours spent on the matter assisted in the success of the suit. Because it is the Plaintiff's burden, the motion should be denied with prejudice.

 3) *The Plaintiff's attorneys' did not provide any evidence that the rate of $450 per hour is justified given the simple nature of this case.*

The Plaintiff's attorneys' rate of $450 per hour is excessive for the number of days this matter was open and unconscionable in that the issues presented in this matter and the expertise necessary to prosecute an FDCPA claim is minimal. Further, the Plaintiff failed to produce the Retention Agreement with the Plaintiff or any other documentation to justify such an extreme hourly rate on a simple FDCPA matter. In calculating the lodestar award, the party seeking fees must provide the court with support for the hourly rates of the attorneys and paralegals. *Schlacher* 574 F.3d at 856. "The burden of proving the market rate is on the party seeking the fee award." *Ughoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999) (*citing, McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir.

---

[2] *See Marek v. Chesny*, 473 U.S. 1, 4 – 412 (1985) (finding that a Plaintiff may not recover attorney's fees and costs after an Offer of Judgment is made. "[A]pplication of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile, that is precisely what Rule 68 contemplates.").

1993). This includes a "declaration of the market rates, copies of retainer agreements with other clients, and other evidence . . ." *Id.* In this matter the Plaintiff has not provided any evidence that the fees are reasonable. The Plaintiff does not even provide an affidavit from the attorneys working on the case. Since it was the Plaintiff's burden, and she has not provided any evidence to carry the burden, the Court cannot calculate the lodestar award and should deny the motion in its entirety with prejudice.

Even if the Court were to review the motion (without detailed time records or any way to substantiate the excessive fees) the amount charged is disproportionate with the effort and experience needed to prosecute this issue. Both attorneys claim that they are entitled to $450 per hour without presenting the number of years each has been in practice, any evidence that other attorneys in the area are entitled to that rate, or any other information vital to making the determination. However, many courts have found that when faced with a simple FDCPA case, $250 per hour is a reasonable rate for lead counsel and a rate that is less for more inexperienced attorneys. *Id.*

<u>Conclusion</u>

For the reasons stated above, the Court should deny the motion for fees and costs in its entirety, with prejudice.


Dated: October 28, 2015.             Respectfully Submitted,
Yashar & Morgan, P.C. and SBS Financial Services, Inc.

                                         By:    /s/ Michael V. Ohlman
                                                Michael V. Ohlman #6294512
                                                MICHAEL V. OHLMAN, P.C.
                                                112 ½ Lincoln Ave 2H
                                                Chicago, Illinoi s60654
                                                312-869-4155 phone
                                                mvohlman@ohlmanlaw.com